Case 1:22-cv-00098   Document 11   Filed on 09/12/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 12, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANAY MATA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-98 |
| | § | |
| JOVITA K. DE PASOL, et al., | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 30, 2022, Plaintiff Anay Mata filed suit in the 138th District Court in Cameron County, Texas, against Defendants Jovita K. De Pasol and Karolina Gutierrez De Lara. Dkt. No. 1-2. Mata's claims revolve around a deed of trust that she executed with De Pasol for the payment of Mata's property taxes.

On August 4, 2022, De Pasol and De Lara timely removed the case to this Court. Dkt. No. 1. On August 18, 2022, De Pasol and De Lara filed a motion to dismiss. Dkt. No. 8. Mata did not file a response.

After reviewing the record and the relevant case law, it is recommended that the motion to dismiss be granted. Mata has failed to state a claim upon which relief can be granted.

**I. Background**

On July 25, 2018, Mata and De Pasol executed a deed of trust as to Mata's property on Del Rio Drive in San Benito, Texas. Dkt. No. 8-1. Under the deed of trust, De Pasol loaned $33,000 to Mata to pay "taxes including penalties, interest and collection expenses, assessed and owed" on the property. Id., p. 10.[1] The deed of trust provided that De Pasol is "subrogated to the rights, liens and equities of the tax authorities paid." Id. In other

---

[1] The Court can consider the deed of trust in deciding the motion to dismiss without converting the motion into one for summary judgment. The Court can consider "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010). The complaint references the deed of trust, and it is central to the case.

words, the tax lien was transferred from the taxing authorities to De Pasol until the loan is/was paid off. See TEX. TAX CODE § 32.06(a-2) (noting that "a tax lien may be transferred to the person who pays the taxes on behalf of the property owner").

In December 2021, Mata filed for bankruptcy. In re: Anay Mata Debtor(s), No. 21-10126 (Bankr. S.D. Tex. Dec. 02, 2021).[2] As part of the proceedings, Mata listed her assets and liabilities. Dkt. No. 8-2. On those schedules, she was asked if she had any "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment." Id., p. 6. She said that she did not. She did note that she disputed De Pasol's lien against her property. Id., pp. 2, 25.

According to the complaint, Mata allegedly owes De Pasol $77,019.01 as of June 3, 2022. Dkt. No. 1-2, p. 2. On June 3, 2022, De Pasol served Mata with a written notice of foreclosure sale, set for July 5, 2022. Id. De Lara is the substitute trustee for the foreclosure sale. Id.

On June 30, 2022, Mata filed suit in the 138th District Court in Cameron County, Texas. Dkt. No. 1-2. Mata alleges that the lien violates the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602(aa)(1)(B) as a high rate mortgage. Id., pp. 2-3. She also alleges that De Pasol failed to provide her with the disclosures required by the Truth in Lending Act ("TILA"), in violation of 15 U.S.C. § 1601. Id., p. 3. Mata also alleges that the loan violated Article 16, § 50(e)(2) of the Texas Constitution, which prohibits unreasonable costs and fees on homestead liens. Id., p. 4. Mata seeks a declaratory judgment that she owns the home, free and clear of all liens, with the transaction between Mata and De Pasol rescinded. Id., pp. 5-6. She also seeks statutory and punitive damages. Id.

On August 4, 2022, De Pasol and De Lara timely removed the case to this Court on the basis of federal question jurisdiction. Dkt. No. 1. On August 8, 2022, the parties

---

[2] In deciding a motion to dismiss, the district court may consider matters of public record, such as public court filings." Riley v. Wells Fargo Bank, N.A., 715 Fed. App'x 413, 414 (5th Cir. 2018) (unpubl.) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

2

stipulated that no foreclosure sale would take place during the pendency of these proceedings, without prior court approval. Dkt. No. 3.

On August 18, 2022, De Pasol and De Lara filed a motion to dismiss. Dkt. No. 8. In that motion, they argue that HOPEA and TILA do not apply to loans that transfer tax liens. They also argue that there is no private right of action for the alleged violation of the Texas Constitution. Lastly, they argue that Mata is judicially estopped from pursuing any claim for damages because she failed to list the claim on her bankruptcy schedules.

Mata did not file a response to the motion to dismiss. Typically, if a party fails to respond to a motion, it is considered unopposed. Local Rule 7.4. The Court, however, may not simply grant a dispositive motion as unopposed; it must consider the merits of the motion. Webb v. Morella, 457 F. App'x 448, 452 (5th Cir. 2012) (citing John v. State of La. (Bd. of Trustees for State Colleges & Universities), 757 F.2d 698, 709 (5th Cir. 1985)). The Court, however, is not required "to survey the entire record in search of evidence to support a non-movant's opposition." Jones v. Sheehan, Young & Culp, P.C., 82 F.3d 1334, 1338 (5th Cir. 1996).

## II. Applicable Law

### A. Motion to Dismiss

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters

of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019).  All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

### B. Judicial Estoppel

"Judicial estoppel is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999) (internal quotation marks omitted). "The policies underlying the doctrine include preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." Id.

"Judicial estoppel is particularly appropriate where ... a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." Feuerbacher v. Wells Fargo Bank Nat'l Ass'n for ABFC 2006-OPT 1 Tr., Asset Backed Funding Corp. Asset-Backed Certificates, Series 2006-OPT1, 701 Fed. App'x 297, 300 (5th Cir. 2017) (ellipses original).  "The duty to disclose assets in bankruptcy extends to contingent and unliquidated claims, including all potential causes of action." Id. (internal quotation marks omitted) (quoting Coastal Plains, 179 F.3d at 208).

## III. Analysis

The Court must first determine if any claims for damages are judicially estopped.  It will then examine whether any of Mata's claims under HOEPA, TILA or the Texas Constitution state a claim upon which relief can be granted.

### A. Judicial Estoppel

Mata is judicially estopped from pursuing any claims for damages against any defendant.

If a claim accrued prior to the bankruptcy proceeding and was not disclosed to the bankruptcy court, then a party is judicially estopped from pursuing that claim in a different tribunal. Smith v. Dallas Cnty. Hosp. Dist., 651 Fed. App'x 279, 281 (5th Cir. 2016). As to the claims under HOEPA and TILA, the claim accrued when Mata had knowledge of the facts underlying her claim. See Roe v. U.S., 839 F. App'x 836, 843 (5th Cir. 2020) ("Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (citing Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993)). The claim under the Texas constitution also accrued when Mata knew of the underlying facts. See Exxon Corp. v. Emerald Oil & Gas Co., L.C., 348 S.W.3d 194, 202 (Tex. 2011) (under Texas law, a claim accrues "when facts come into existence that authorize a claimant to seek a judicial remedy").

Thus, all three claims accrued when Mata executed the loan agreement in 2018. Moor v. Travelers Ins. Co., 784 F.2d 632, 634 (5th Cir. 1986). This was prior to the bankruptcy filing in 2021. By not disclosing these claims to the bankruptcy court, Mata is judicially estopped from raising them in this forum. Feuerbacher, 701 Fed. App'x at 301. Any claims for damages should be dismissed on this basis.

Even if judicial estoppel does not apply, the claims are still subject to dismissal for failure to state a claim upon which relief can be granted.

**B. HOEPA & TILA**

Mata's claims under HOEPA and TILA should be dismissed for failure to state a claim upon which relief can be granted. Stated simply, neither statute applies in this case.

TILA and HOEPA both apply to "consumer credit" transactions. 15 U.S.C. § 1602(f)-(i) (TILA); Billings v. Propel Fin. Servs., L.L.C., 821 F.3d 608, 610 n. 2 (5th Cir. 2016) (holding that "[b]ecause HOEPA is a part of TILA, it is subject to the same terms and definitions"). The Fifth Circuit has held that "the transfer of a property tax lien is not an extension of 'credit' subject to TILA." Billings, 821 F.3d at 613. This is because the transaction does not create a new debt but transfers the debt to a different lien holder. Id.

The language of the deed of trust in this case is unmistakable – Mata transferred the property tax lien to De Pasol in exchange for De Pasol loaning her the money to pay the

taxing authorities. Dkt. No. 8-1, p. 10 (stating that De Pasol is "subrogated to the rights, liens and equities of the tax authorities paid"). Thus, under the holding of Billings, Mata has failed to state a claim upon which relief can be granted. Accordingly, the HOEPA and TILA claims should be dismissed.

### C. Texas Constitution

Mata's claim under the Texas Constitution should be dismissed for failure to state a claim upon which relief can be granted.

Mata claims that the lien in this case violates Article 16, § 50(e) of the Texas Constitution. Dkt. No. 1-2. That provision provides that:

> A refinance of debt secured by a homestead and described by any subsection under Subsections (a)(1)-(a)(5) that includes the advance of additional funds may not be secured by a valid lien against the homestead unless:
> (1)  the refinance of the debt is an extension of credit described by Subsection (a)(6) of this section; or
> (2)  the advance of all the additional funds is for reasonable costs necessary to refinance such debt or for a purpose described by Subsection (a)(2), (a)(3), or (a)(5) of this section.

Article 16, §50(e) of the Texas Constitution

The Texas Supreme Court has held that Article 16, §50 does not create a freestanding private right of action, but defines which liens can be used to foreclose on a property. Garofolo v. Ocwen Loan Servicing, L.L.C., 497 S.W.3d 474, 479 (Tex. 2016). The Court held that these provisions "are not constitutional rights unto themselves, nor is the forfeiture remedy a constitutional remedy unto itself. Rather, it is just one of the terms and conditions a home-equity loan must include to be foreclosure-eligible." Id. In other words, a borrower can rely on these provisions for a tort or breach of contract claim against the lender, but they cannot simply sue and cite the Texas Constitution. Id.

Mata has not raised a state tort or breach of contract claim against any Defendant. Her freestanding claim of violations of the Texas Constitution fail to state a claim upon which relief can be granted. Her claims should be dismissed.

## IV. Recommendation

It is recommended that the motion to dismiss filed by Jovita K. De Pasol and Karolina Gutierrez De Lara be granted. Dkt. No. 8. This case should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on September 12, 2022.

_____
Ronald G. Morgan
United States Magistrate Judge